UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 5:20-CV-143-FDW

| TERRI GLENN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Plaintiff Terri Glenn's ("Plaintiff") Motion for Summary Judgment (Doc. No. 11), filed May 3, 2021, and Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment (Doc. No. 13), filed July 2, 2021. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED; the Commissioner's Motion for Summary Judgment (Doc. No. 13) is DENIED; and the Administrative Law Judge's ("ALJ") decision is REVERSED and REMANDED to the Social Security Administration.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

## I. BACKGROUND

Plaintiff filed an application for Title II benefits on November 10, 2016. (Doc. No. 10-1, p. 204). Plaintiff alleges disability beginning June 1, 2017. (Id.). After the Social Security Administration ("SSA") denied her application initially and upon reconsideration, (id. at 133) Plaintiff requested a hearing. (Id. at 140). After a hearing on April 3, 2019, (id. at 15) the ALJ issued an unfavorable decision on September 18, 2019. (Id. at 12). The Appeals Council affirmed the ALJ's decision. (Id. at 6).

In reaching her decision, the ALJ used the five-step sequential evaluation process for the evaluation of disability claims under the Social Security Act ("the Act"). At the first step, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of June 1, 2016. (Id. at 17). At step two, the ALJ found Plaintiff to have the following severe impairments: "post-traumatic stress disorder (PTSD); depression; and anxiety." (Id. at 17). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments ("the Listings") in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 19). The ALJ then determined Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c):

> [E]xcept she can understand, remember, and carry out simple instructions, but not necessarily simple, routine, and repetitive tasks, meaning work with an SVP of three or less; can maintain attention and concentration for at least two hour periods of time sufficient to carry out simple tasks in a regular workday and regular work week; and can adapt to routine workplace changes at a non-production pace with occasional interaction with the general public.

(Id. at 20). The ALJ found Plaintiff's past relevant work exceeded the RFC. (Id. at 28). However, in response to a hypothetical factoring in Plaintiff's age, education, work experience, and RFC, the Vocational Expert ("VE") testified Plaintiff could perform other jobs that exist in significant

numbers in the national economy.  (Id. at 29).  As a result, the ALJ concluded Plaintiff was not disabled, as defined in the Act, from June 1, 2016, through the date of the ALJ's decision.  (Id. at 29).

Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g).  Plaintiff argues the ALJ committed harmful error.

## II.     STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits.  When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.  42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012).  A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted).  "It consists of more than a mere scintilla of evidence but may be less than a preponderance."  Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted).  We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here

conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996

> WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

On appeal, Plaintiff makes three assignments of error. First, Plaintiff argues the ALJ failed to adequately explain the RFC when limiting Plaintiff to workplace changes "at a non-production

5

pace" because the ALJ failed to define "non-production pace." (Doc. No. 12, p. 13). Second, Plaintiff argues the ALJ failed to include legally sufficient reasons for affording "little" and "less weight" to the medical opinions of Dr. Medina and Ms. Harper. (Id. at 18). Third, Plaintiff argues when assessing the severity of Plaintiff's symptoms, the ALJ addressed the *type* of activities that can be performed without addressing the *extent* to which the activities can be performed. (Id. at 23). For the reasons stated below, this Court finds remand is appropriate for Plaintiff's first assignment of error, and in the interest of judicial efficiency, declines to address Plaintiff's remaining assignments of error herein.

Plaintiff first argues the ALJ failed to adequately explain or define the phrase "non-production pace," thereby frustrating meaningful review. A proper RFC analysis must have (1) evidence, (2) a logical explanation, and (3) a conclusion. Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019). Meaningful review is frustrated when an ALJ fails to logically connect the evidence, the analysis, and the conclusion. Id. Thus, when the ALJ's RFC assessment lacks in the analysis needed for the Court to meaningfully review the conclusions, remand may be appropriate. Perry v. Berryhill, 765 F. App'x 869, 871 (4th Cir. 2019).

Failure to understand a term or phrase in the RFC, but not otherwise defined, like non-production pace, "makes it difficult, if not impossible, for [the Court] to assess whether [the term's] inclusion . . . is supported by substantial evidence."[2] Thomas, 916 F.3d at 312. However, a work pace limitation in the RFC will not frustrate meaningful review as long as an adequate explanation

---

[2] As addressed by the VE, phrases regarding production pace are not addressed in the Dictionary of Occupational Titles ("DOT"), (Doc. No. 10-1, p. 72) ("[P]roduction paces are not addressed by the DOT; however, they are based off of my experience in job placement, job analysis, and job development."), or defined in the Code of Federal Regulations. See Perry, 765 F. App'x at 872 ("[N]o analogous regulatory definition exists for the 'non production oriented work setting' specified by the ALJ, or for any other similar term.").

6

of the term is included alongside substantial evidence supporting the restriction. See, e.g., O'Dell v. Saul, No. 5:20-CV-00048-KDB, 2021 WL 1233480, at *5 (W.D.N.C. Apr. 1, 2021) (finding the ALJ "created a sufficient logical bridge between the evidence and the RFC," thereby allowing meaningful review); Martinez v. Berryhill, No. 3:17-CV-186, 2018 WL 709971, at *4 (W.D.N.C. Feb. 5, 2018) (holding the inclusion of a production pace limitation in the RFC did not require remand since the ALJ specified the type of production pace referenced was found in assembly-line work). But see Kilgo v. Saul, No. 3:18-CV-312-RJC-DSC, 2019 WL 3719609, at *4 (W.D.N.C. Aug. 7, 2019) (holding the omission of a definition of "nonproductive pace" made it "impossible for [the Court] to assess whether their inclusion in [Plaintiff's] RFC" was supported by the evidence); Dixon v. Saul, No. 4:20-CV-53-FL, 2021 WL 826776, at *8-9 (E.D.N.C. Jan. 26, 2021) ("The ALJ's limitations do not provide sufficient context to explain the intended restrictions and to allow the court to conduct a meaningful review."). "[T]he inclusion of a 'non-production work' limitation in the RFC" does not automatically require remand, "but must be evaluated on a case-by-case basis." O'Dell, 2021 WL 1233480, at *5.

The Fourth Circuit recently addressed the need for a case-by-case analysis as to whether failing to define the phrase "non-production" required remand. In Sizemore v. Berryhill, the Fourth Circuit concluded the district court's judgment affirming the ALJ's decision was correct and found the ALJ's RFC's limitation to "non-production jobs" was supported with descriptors of the phrase. 878 F.3d 72, 80-81 (4th Cir. 2017). In a later Fourth Circuit case, the court further clarified that the ALJ in Sizemore "provided additional context, explaining that the claimant could perform work only in a 'low stress' setting, without any 'fast-paced work' . . . to account for moderate limitations in concentration, persistence, and pace." Perry, 765 F. App'x at 869 n.1.

Thus, because "those descriptors helped to explain the restriction intended by the ALJ . . . [the court was able] to evaluate whether that restriction adequately accounted for the claimant's limitations." Id.

Here, the ALJ failed to provide analysis and explanation of the RFC limiting Plaintiff to workplace changes at a "non-production pace." In her decision, the ALJ concluded the restrictions were necessary after merely restating the evidence, thereby failing to define "non-production pace." Without providing an explanation of the phrase itself, the ALJ claimed the restriction aimed "[t]o account for [the] limitations" she previously stated in the decision. (Doc. No. 10-1, p. 26). Without more, this explanation frustrates meaningful review by the Court. Unlike the ALJ in Sizemore, the ALJ here did not supplement the phrase "non-production pace" with descriptors of the phrase. The only descriptors surrounding the phrase in this case— "occasional interaction with the general public"—do not provide additional context as to what "non-production pace" actually means. (Doc. No. 10-1, p. 26). The failure to explain a non-defined phrase frustrates meaningful review.

The Court's conclusion is not swayed by the Commissioner's arguments. First, contrary to the Commissioner's insistence, the inclusion of a narrative describing the medical evidence in the record does *not* sufficiently define "non-production pace." The ALJ merely stated Plaintiff was limited to workplace changes at a non-production pace without explaining what this limitation means. Even if the Court could "guess about how [the ALJ] arrived at [her] conclusion" however, meaningful review is frustrated without an explanation defining the phrase. See Perry, 765 F. App'x at 873. Second, the VE's understanding of the phrase has no impact on this Court's understanding of the phrase. See Perry, 765 F. App'x at 871-73 (finding the ability of the court to

8

conduct a meaningful review was frustrated even though a VE testified whether there were jobs for a hypothetical worker in a non-production oriented work setting).

Ultimately, and notwithstanding the Commissioner's arguments to the contrary, the ALJ did not provide an explanation of the term "non-production pace," and the Court cannot meaningfully review the ALJ's decision. Therefore, the Court is unable to conclude the RFC's findings are supported by substantial evidence. Accordingly, the Court agrees with Plaintiff, and the decision must be remanded. Upon remand, the ALJ should adequately explain the mental limitations in the RFC and define "non-production pace" within her narrative.

In ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to Plaintiff's other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, the decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error here, the Court notes that remand provides the opportunity for the ALJ to modify any basis for the prior decision to ensure any new decision is supported by substantial evidence. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25, 110 S.Ct. 2658, 2663, 110 L.Ed.2d 563 (1990)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED; the Commissioner's Motion for Summary Judgment (Doc. No. 13) is DENIED; and the ALJ's determination is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: August 12, 2021

Frank D. Whitney
United States District Judge